## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| FREDERICA HOLDINGS, LLC and FREDERICA DEVELOPMENT GROUP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FREDERICA GOLF CLUB, LLC, FREDERICA COTTAGES, LLC, and LAWRENCE ROAD, LLC, <br><br> Defendants. | Civil Action No. 2:22-cv-26 |

## COMPLAINT

Plaintiffs Frederica Holdings, LLC and Frederica Development Group, LLC (collectively, "Seller") bring this action for breach of contract against Defendants Frederica Golf Club, LLC, Frederica Cottages, LLC, and Lawrence Road, LLC (collectively, "Purchaser").

## NATURE OF THE ACTION

1.

This case arises from Purchaser's unlawful repudiation of a purchase contract governing the sale of Frederica Golf Club and certain related assets between Purchaser and Seller ("Purchase Contract"). Purchaser has reneged upon

1

its clear and unambiguous contractual payment obligations and materially breached the Purchase Contract.  Seller is entitled to recover all amounts Purchaser owes under the Purchase Contract, plus interest, as well as the fees and expenses incurred in connection with this action to enforce Seller's legal rights.

## PARTIES, JURISDICTION AND VENUE

2.

Because each party to this action is a limited liability company, its citizenship for diversity purposes is "determined by the citizenship of its members." *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

3.

Plaintiff Frederica Holdings, LLC is a Georgia limited liability company. Frederica Holdings, LLC has four members, each a single-member Florida LLC. The member of each single-member Florida LLC is a Delaware trust.  The beneficiary of each such trust is an individual resident of Florida, and the trustees of each such trust are two individual residents of Florida and a Delaware corporation with its principal place of business in Delaware.

4.

Plaintiff Frederica Development, LLC is a single-member Georgia limited liability company whose sole member is Frederica Holdings, LLC.

5.

Defendant Frederica Golf Club, LLC is a Georgia limited liability company whose members are individual residents of Georgia or Ohio.  Frederica Golf Club, LLC may be served through its registered agent, Joseph F. Strength, at 455 Sea Island Road, St. Simons Island, Georgia, 31522.

6.

Defendant Frederica Cottages, LLC is a Georgia limited liability company whose members are individual residents of Georgia or Ohio.  Frederica Cottages, LLC may be served through its registered agent, Joseph F. Strength, at 455 Sea Island Road, St. Simons Island, Georgia, 31522.

7.

Defendant Lawrence Road, LLC is a Georgia limited liability company whose members are individual residents of Georgia or Ohio.  Lawrence Road, LLC may be served through its registered agent, Joseph F. Strength, at 455 Sea Island Road, St. Simons Island, Georgia, 31522.

8.

Accordingly, this Court possesses subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship between the Plaintiffs and Defendants and the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

9.

Purchaser is subject to the personal jurisdiction and venue of this Court pursuant to 28 U.S.C. § 1391 and Section 23 of the Purchase Contract, in which the parties irrevocably submitted to the jurisdiction of any state or federal court sitting in Glynn County, Georgia.  A true and correct copy of the Purchase Contract is attached hereto as "Exhibit A."

**FACTS**

10.

Purchaser and Seller entered into the Purchase Contract effective as of March 7, 2018, under which Seller agreed to sell and Purchaser agreed to purchase certain property and assets associated with Frederica Golf Club in St. Simons Island, Georgia (the "Club").  *See* Exhibit A at 1-2.

11.

The Purchase Contract required Purchaser to pay Seller the initial purchase price of $15 million, comprised of $11 million in cash at closing and a $4 million note.  Exhibit A, § 2(b).  Purchaser took title to the transferred assets at closing and has paid the initial purchase price.

12.

The Purchase Contract further required Purchaser to pay Seller a deferred purchase price amount of $5.5 million ("Deferred Purchase Price Amount"), to be paid out of fees paid by members to join the Club ("Joining Fees") after the closing.  The Purchase Contract provides that the first $14 million in Joining Fees will be distributed to Purchaser and the next $11 million in Joining Fees will be shared 50/50 by the Club and Seller until the earlier of (a) the full payment of the Deferred Purchase Price Amount to Seller or (b) nine years after the commencement of the sale of memberships by Purchaser after the closing.  *Id.*, § 2(c).

13.

Specifically, Section 2(c) of the Purchase Contract provides:

(i) The Deferred Purchase Price Amount will be payable out of membership contributions, initiation fees or other amounts paid by

members to join the Club, excluding sales or other taxes (collectively, "Joining Fees") as follows:

> (1) the first Fourteen Million Dollars ($14,000,000) of Joining Fees collected will be distributed to Purchaser;

> (2) the next Eleven Million Dollars ($11,000,000) of gross Joining Fees collected, without reduction, will be shared by Club and Seller 50/50 until the earlier of (a) such time as the entire Deferred Purchase Price Amount has been paid to Seller or (b) upon the expiration of nine (9) years after commencement of the sale of memberships by Purchaser and/or Club pursuant to the New Membership Program initiated by Purchaser. (The period of time ending upon the last day of such nine year term or upon the payment by Purchaser of the entire Deferred Purchase Price Amount to Seller, as applicable, shall be herein referred to as the "Sunset Term"); provided, however, that any Joining Fees paid or payable by Club members to the Club with respect to memberships to the Club approved or issued prior to the end of the nine (9) year period or in respect of any person who has submitted an application for Club membership prior to the end of the nine (9) year period but whose membership application has not been processed and approved for Club membership by the end of this nine (9) year period but which application is subsequently approved (such amount "Deferred Joining Fee") shall also be shared 50/50 until the entire Deferred Purchase Price Amount has been paid in full;

> (3) thereafter, one hundred percent (100%) of all Joining Fees (other than Deferred Joining Fees) collected will be retained by Club.

*Id.*, § 2(c).

14.

Under the Purchase Contract, within fifteen days of the end of each month after the closing, Purchaser was required to (a) provide monthly statements to Seller setting forth the Joining Fees received by Purchaser during the preceding calendar month and (b) pay Seller the Deferred Purchase Price Amount accrued during the preceding month.  *Id.*, §§ 2(c)(ii), 2(g).

15.

Purchaser commenced selling memberships to the Club in early 2019.  By October 2021, Purchaser had received in excess of $14 Million in Joining Fees, triggering its obligation to commence making payments of the Deferred Purchase Price Amount to Seller.

16.

On November 17, 2021, Seller contacted Purchaser to inquire as to the payment of the accrued Deferred Purchase Price Amount to Seller.

17.

On December 10, 2021, Purchaser sent Seller a check for $477,500, stating that amount represented "50% of gross joining fees collected since reaching the $14,000,000 threshold through October 31, 2021 pursuant to Section 2(c) of the

Purchase Contract."   A true and correct copy of Purchaser's December 10, 2021 correspondence is attached hereto as "Exhibit B."

18.

Purchaser has failed and refused to make any further payments toward the Deferred Purchase Price Amount.

19.

Since November 2021, Purchaser also has failed and refused to provide monthly statements to Seller as required by the Purchase Contract.  Exhibit A, § 2(g).

20.

In its December 10, 2021 correspondence, Purchaser incorrectly asserted that "the original intent of the Deferred Purchase Price has been compromised" by a change in the development plans for property neighboring the Club and "[c]onsequently, a review of the mechanism and magnitude of the Deferred Purchase Price is warranted."  Exhibit B.

21.

Purchaser's assertions in its December 10, 2021 correspondence are contrary to the plain language and terms of the Purchase Contract and related documents and constitute a repudiation of Purchaser's obligations under the Purchase

Contract.  Purchaser's obligation to pay the Deferred Purchase Price Amount is not

conditioned upon the development of property neighboring the Club.  *See, e.g.*,

Exhibit A, § 2.

22.

Purchaser has continued to receive substantial Joining Fees that it is

obligated to split with Seller in satisfaction of the Deferred Purchase Price

Amount, but Purchaser has failed and refused to do so despite repeated demands

by Seller for Purchaser to comply with its clear contractual obligations.

23.

The Purchase Contract provides:

> If any action is brought by any party to this Contract to enforce or
> interpret its terms or provisions, the prevailing party will be entitled to
> reasonable attorney fees and costs actually incurred in connection
> with such action prior to and at trial and on any appeal therefrom.

*Id.*, § 35.

24.

On March 2, 2022, Seller's counsel sent a letter to Purchaser demanding that

Purchaser comply with its contractual obligations and notifying Purchaser,

pursuant to O.C.G.A. § 13-1-11, that Seller intended to enforce the attorney's fees

provision of the Purchase Contract if Purchaser continued to refuse to pay the

9

Deferred Purchase Price Amount.  A true and correct copy of the March 2, 2022 correspondence is attached hereto as "Exhibit C."

### 25.

On March 11, 2022, Purchaser's counsel responded to Seller's counsel reiterating Purchaser's refusal to comply with and repudiation of its obligations under the Purchase Contract, stating "Purchaser has no obligation to continue its periodic payments towards the Deferred Purchase Price Amount."

## **COUNT I – BREACH OF CONTRACT**

### 26.

Seller repeats and realleges paragraphs 1 through 25 above as if fully stated herein.

### 27.

The Purchase Contract is a valid, binding contract between Purchaser and Seller.

### 28.

Seller has performed its obligations under the Purchase Contract or its performance has been excused.

29.

Purchaser's failure and refusal to pay the Deferred Purchase Price Amount to Seller and provide monthly statements to Seller constitute material breaches of the Purchase Contract and an anticipatory repudiation of Purchaser's obligations thereunder.

30.

As a result, Seller is entitled to the remaining Deferred Purchase Price Amount in excess of $5 million, plus pre-judgment interest and attorney's fees.

31.

Purchaser's material breach of contract has caused Seller millions of dollars in damages, in an amount to be proven at trial.

**COUNT II – FEES AND EXPENSES OF LITIGATION**

32.

Seller repeats and realleges paragraphs 1 through 31 above as if fully stated herein.

33.

Pursuant to Section 35 of the Purchase Contract, Purchaser owes Seller "reasonable attorney fees and costs actually incurred in connection with such action prior to and at trial and on any appeal therefrom."  Exhibit A, § 35.

34.

On March 2, 2022, Seller's counsel notified Purchaser in writing of Seller's intention to enforce the attorney's fees provision of the Purchase Contract and informed Purchaser it had 10 days from the date of receipt of the notice to pay the Deferred Purchase Price Amount due and owing without the attorney's fees. *See* Exhibit C.

35.

Purchaser made no payment within 10 days of the March 2, 2022 letter.

36.

In addition, Purchaser has been stubbornly litigious, acted in bad faith, and caused Seller unnecessary trouble and expense by repudiating and failing to comply with its clear and unambiguous obligations under the Purchase Contract.

37.

Accordingly, pursuant to the Purchase Contract, O.C.G.A. § 13-6-11, and as otherwise provided by law, Seller is entitled to recover its attorney's fees and expenses incurred in connection with this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment as follows:

1.      That the Court enter judgment in favor of Frederica Holdings, LLC and Frederica Development Group, LLC and against Frederica Golf Club, LLC, Frederica Cottages, LLC, and Lawrence Road, LLC on all claims for relief;

2.      That the Court award Frederica Holdings, LLC and Frederica Development Group, LLC all damages incurred in an amount to be proven at trial;

3.      That the Court award Frederica Holdings, LLC and Frederica Development Group, LLC their attorney's fees and expenses of litigation pursuant to the Purchase Contract, O.C.G.A. § 13-6-11, and as otherwise provided by law;

4.      That all costs be assessed against Frederica Golf Club, LLC, Frederica Cottages, LLC, and Lawrence Road, LLC;

5.      That the Court award Frederica Holdings, LLC and Frederica Development Group, LLC pre-judgment interest and post-judgment interest; and

6.      That the Court award such other and further relief as shall appear just and proper.

This 18th day of March, 2022.

Respectfully submitted,

/s/ Kathleen M. Campbell
Thomas E. Reilly (*admission application pending*)
Georgia Bar No. 600195
tom.reilly@troutman.com
Kathleen M. Campbell
Georgia Bar No. 839699
kathleen.campbell@troutman.com
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Bank of America Plaza, Suite 3000
600 Peachtree Street, NE
Atlanta, GA  30308-2216
Telephone:  404.885.3000
Facsimile:   404.885.3900


/s/ Paul H. Threlkeld
Paul H. Threlkeld
Georgia Bar No. 710731
Pht@olivermaner.com
OLIVER MANER LLP
218 West State Street
Savannah, GA 31401
Telephone:  (912) 236-3311
Facsimile:   (912) 236-8725

*Attorneys for Plaintiffs Frederica
Holdings, LLC and Frederica
Development Group, LLC*