# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

FREDERICA HOLDINGS, LLC and
FREDERICA DEVELOPMENT
GROUP, LLC,

        Plaintiffs,　　　　　　　　　　　Civil Action No.
　　　　　　　　　　　　　　　　　　　　　2:22-cv-00026-LGW-BWC
v.

FREDERICA GOLF CLUB, LLC,
FREDERICA COTTAGES, LLC, and
LAWRENCE ROAD, LLC,

        Defendants.

## ORDER

Pursuant to this Court's Order Setting Mediation (Doc. 33), the parties mediated this case before the Honorable Brian K. Epps on August 2, 2022. As a result of the mediation, the parties have agreed to a settlement, the terms of which include the entry of this Consent Order. **NOW, THEREFORE**, for good cause shown and with the consent of the parties as shown by the signatures of their counsel of record below, the Court hereby **ORDERS** as follows.

Within five (5) business days of the entry of this Consent Order, Defendants shall pay Plaintiffs $2,935,421.00 by wire transfer. Plaintiffs acknowledge that upon receipt of said funds, the remaining Deferred Purchase Price Amount collected in

accordance with the terms of Section 2(c)(i)(2) of the Purchase Contract shall be due to Plaintiffs when collected in an amount not to exceed $2,087,079.[1]

From the entry of this Consent Order forward and provided Defendants remain in compliance herewith, Plaintiffs shall deem cured Defendants' former defaults as alleged in the Complaint and related pleadings. Defendants shall strictly comply with their obligations under the Purchase Contract as written, including without limitation Defendants' obligation under Section 2(g) of the Purchase Contract to deliver to Plaintiffs, no later than the fifteenth day of each calendar month, a statement setting forth the Joining Fees received by Defendants from each member by date during the preceding calendar month and the amount of such Joining Fees that have accrued and are then currently payable to Plaintiffs. In addition, Defendants will pay the Deferred Purchase Price Amount that has accrued from Joining Fees collected (in cash, cash equivalents, barter, or other current value exchange transactions) during such preceding calendar month to Plaintiffs at such time (the "Accrued Monthly Deferred Purchase Price Due").

In the event that Defendants fail timely to provide the monthly statement or pay the Accrued Monthly Deferred Purchase Price Due, Plaintiffs shall provide

---

[1] This amount is calculated as $5,500,000 (the maximum Deferred Purchase Price Amount payable under the Purchase Contract), minus $477,500 (the amount previously paid by Defendants to Plaintiffs), minus $2,935,421 (the amount payable within five business days pursuant to this Consent Order).

2

written notice of the exact nature of the default to Defendants and their undersigned counsel. The number of business days between Defendants' default and Plaintiffs' subsequent issuance and delivery of a written notice of default to Defendants shall be known as the "Default Period." Upon Defendants' receipt of written notice of default, Defendants will have the number of business days in the Default Period to cure said default. If Defendants fail to cure within this time period, then Plaintiffs may immediately file a Motion for Contempt with the Court to enforce the provisions of this Consent Order. Defendants shall have six (6) business days from the date of e-mail service of any such motion to respond thereto, after which the Court shall expeditiously set the matter for hearing.

In the event of any violation of this Consent Order by Defendants, in addition to any other relief the Court deems just and proper, Plaintiffs shall be entitled to an award of (i) the Accrued Monthly Deferred Purchase Price Due then due and owing plus 20% of the Accrued Monthly Deferred Purchase Price Due at the time of the filing of the Motion for Contempt and (ii) $25,000 to offset the attorney's fees and litigation expenses incurred by Plaintiffs in connection with the declaration of default and filing of the Motion for Contempt, without the need for any further proof of the fees actually incurred.

Defendants' Counterclaim is hereby **DISMISSED WITH PREJUDICE**. This action is hereby **STAYED** until the earlier of the filing of any Motion for Contempt concerning this Consent Order, any other appropriate motion, or the satisfaction of the Deferred Purchase Price Amount in accordance with Section 2(c)(iv) of the Purchase Contract.[2] In the latter event, Plaintiffs and Defendants shall file a joint stipulation of dismissal with prejudice of this action in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii). The Court retains jurisdiction over this action to enforce the provisions of this Consent Order and otherwise enter final judgment.

The Clerk is hereby **DIRECTED** to administratively close and place this action on the inactive list until the time of a further filing by Plaintiffs in accordance with the terms of this Consent Order.

---

[2] Section 2(c)(iv) of the Purchase Contract specifies that "[t]he Deferred Purchase Price Amount will be deemed satisfied, completed and no longer due and payable at the earlier to occur of (1) the payment by Purchaser of the entire Deferred Purchase Price Amount to Seller, or (2) the expiration of the Sunset Term and the payment of all Deferred Joining Fees, whereupon Seller shall deliver to Purchaser reasonable documentation requested by Purchaser evidencing the discharge of any further obligations of Purchaser to pay the Deferred Purchase Price Amount."

4

**SO ORDERED** this 16 day of August, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA